O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EDWARD COLLARD,                        )   NO. CV 12-06085-MAN
                                       )
                Plaintiff,             )
                                       )   MEMORANDUM OPINION
        v.                             )
                                       )   AND ORDER
CAROLYN W. COLVIN,[1]                  )
Acting Commissioner of Social          )
Security,                              )
                                       )
                Defendant.             )
_____)

        Plaintiff filed a Complaint on July 17, 2012, seeking review of the
denial of plaintiff's application for a period of disability, disability
insurance  benefits  ("DIB"),  and  supplemental  security  income
("SSI").   On August 20, 2012, the parties consented, pursuant to 28
U.S.C. § 636(c), to proceed before the undersigned United States
Magistrate Judge.   The parties filed a Joint Stipulation on April 3,
2013, in which:  plaintiff seeks an order reversing the Commissioner's

_____

        [1]   Carolyn W. Colvin became the Acting Commissioner of the Social
Security Administration on February 14, 2013, and is substituted in
place of former Commissioner Michael J. Astrue as the defendant in this
action.  (*See* Fed. R. Civ. P. 25(d).)

decision and remanding this case for the payment of benefits or, alternatively, for further administrative proceedings; and the Commissioner requests that his decision be affirmed or, alternatively, remanded for further administrative proceedings.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

Plaintiff filed an application for a period of disability, DIB, and SSI on July 24, 2009. (Administrative Record ("A.R.") 19.)  Plaintiff claims to have been disabled since July 30, 2008 (A.R. 23), due to low energy, back pain, liver problems, lightheadedness, colon surgery, depression, and HIV (A.R. 83).   Plaintiff has past relevant work experience as a graphics designer, forms analyst, and administrative assistant. (A.R. 29.)

After the Commissioner denied plaintiff's claims initially (A.R. 83-89), plaintiff requested a hearing (A.R. 92-93).  On September 30, 2010, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge Alexander Weir, III (the "ALJ"). (A.R. 41-76.) Vocational expert Susan Green also testified. (*Id.*)  On December 2, 2010, the ALJ denied plaintiff's claim (A.R. 19-30), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-4).  That decision is now at issue in this action.

## SUMMARY OF ADMINISTRATIVE DECISION

The ALJ found that plaintiff meets the insured status requirements

of the Social Security Act through September 30, 2011, and has not engaged in substantial gainful activity since July 30, 2008, the alleged onset date of his disability. (A.R. 23.) The ALJ determined that plaintiff has the severe impairments of "HIV positive infection and chronic Hepatitis C." (*Id.*) The ALJ also determined that plaintiff has a history of mental depression and drug dependence, but "these impairments are not severe." (*Id.*) The ALJ concluded that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (A.R. 25.)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform "a full range of light work as defined in 20 C.F.R. [§§] 404.1567(a), (b) and 416.967(a), (b)." (A.R. 27.) Specifically, the ALJ found that plaintiff can: "lift and carry 20 pounds occasionally and 10 pounds frequently"; "stand and walk for 6 hours and sit for 6 hours in an 8 hour day, with normal breaks"; and "push and pull commensurate with his lifting ability without significant limitation." (*Id.*)

The ALJ found that plaintiff could perform his part relevant work as a graphics designer, forms analyst, and administrative assistant, because that work does not require the performance of work-related activities precluded by his RFC. (A.R. 29.) Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, from July 30, 2008, through the date of the ALJ's decision. (*Id.*)

3

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not

4

affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874.  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

**DISCUSSION**

Plaintiff claims the ALJ failed to consider properly the opinion of plaintiff's treating physician Charles Huynh, D.O. and State agency consultative psychiatrist R. E. Brooks, M.D. and, thus, did not correctly assess plaintiff's RFC or his ability to perform his past relevant work.  (Joint Stipulation ("Joint Stip.") at 3-8, 11-12.)

**I.    After Properly Considering The Opinions Of Plaintiff's Treating Physician And The State Agency Physician, The ALJ Needs To Reassess Plaintiff's RFC On Remand.**

It is the responsibility of the ALJ to analyze evidence and resolve conflicts in medical testimony.  Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).  In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's."  Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir.

5

1   2001); 20 C.F.R. §§ 404.1527(d), 416.927(d).

2

3       The opinions of treating physicians are entitled to the greatest

4   weight, because the treating physician is hired to cure and has a better

5   opportunity to observe the claimant.  Magallanes, 881 F.2d at 751.  When

6   a treating physician's opinion is not contradicted by another physician,

7   it may be rejected only for "clear and convincing" reasons.  Lester v.

8   Chater, 81 F.3d 821, 830 (9th Cir. 1995).  When contradicted by another

9   doctor, a treating physician's opinion may only be rejected if the ALJ

10  provides "specific and legitimate" reasons supported by substantial

11  evidence in the record.  *Id.*

12

13      "The opinion of a nonexamining physician cannot by itself

14  constitute substantial evidence that justifies the rejection of the

15  opinion of . . . a treating physician."  Lester, 81 F.3d at 831; *see*

16  Pitzer v. Sullivan, 908 F.2d 502, 506 n.4 (9th Cir. 1990)(finding that

17  the nonexamining physician's opinion "with nothing more" did not

18  constitute substantial evidence).  However, "[w]here the opinion of the

19  claimant's treating physician is contradicted, and the opinion of a

20  nontreating source is based on independent clinical findings that differ

21  from those of the treating physician, the opinion of the nontreating

22  source may itself be substantial evidence."  Andrews, 53 F.3d at 1041.

23

24      In determining a claimant's RFC, an ALJ will consider all the

25  relevant evidence in the record.  20 C.F.R. §§ 404.1545(a)(1),

26  416.945(a)(1).  In so doing, the ALJ will consider all claimant's

27  medically determinable impairments, including those that are not

28  "'severe.'"  20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).  The ALJ also

will consider "any statement about what [the claimant] can still do that have been provided by medical sources."  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

### A.  Dr. Huynh

On September 30, 2009, plaintiff's treating physician, Dr. Huynh, opined that, in a 40 hour workweek with normal breaks, plaintiff could: lift/carry 20 pounds occasionally and 10 pounds frequently; and stand/walk for 2-4 hours. (A.R. 225.) Dr. Hunyh described plaintiff's functional level as ""easily tired, frustrated[,] but wants to work," and Dr. Hunyh indicated that plaintiff appeared to be visibly fatigued as a result of his HIV and Hepatitis C.  (*Id.*)

As noted *supra*, the ALJ determined that plaintiff has the RFC to perform a full range of light work.  As relevant here, the ALJ found that plaintiff could:  "lift and carry 20 pounds occasionally and 10 pounds frequently"; and "stand and walk for 6 hours and sit for 6 hours in an 8 hour day, with normal breaks." (A.R. 27.)  In so finding, the ALJ noted that his RFC assessment for plaintiff was "generally consistent with the opinion of [plaintiff's] treating physician." (A.R. 28.)

As plaintiff properly notes, however, while the ALJ's RFC assessment is consistent with Dr. Huynh's lifting and carrying limitations, the ALJ's RFC's assessment is not consistent with Dr. Hunyh's standing and walking limitations.  Specifically, contrary to the ALJ, Dr. Huynh found plaintiff only to be capable of standing and

7

walking 2-4 hours in an 8 hour day. (A.R. 225.) While the ALJ need not accept the full extent of Dr. Huynh's opinion, the ALJ may not reject it, or significant parts of it, without providing specific and legitimate reasons for so doing. The ALJ's failure to proffer any reason,[2] let alone an appropriate reason, for rejecting Dr. Huynh's opinion constitutes error.

The ALJ's error, however, appears to be harmless. Notably, plaintiff's past relevant work is sedentary and, thus, does not require plaintiff to stand and/or walk for more than 2 hours in an 8 hour day. *See* SSR 83-10 (defining sedentary work as requiring standing and walking "occasionally" which in turn is defined as "periods of . . . no more than 2 hours of an 8-hour workday"). Thus, while Dr. Huynh's opinion regarding plaintiff's standing and walking is inconsistent with the ALJ's RFC assessment for plaintiff, it is not inconsistent with the ALJ's ultimate determination that plaintiff can perform his prior sedentary jobs. Nevertheless, because this case needs to be remanded for the reason set forth *infra*, the ALJ should properly consider the opinion of Dr. Huynh on remand.

### B. Dr. Brooks

In an October 30, 2009 Psychiatric Review Technique ("PRT") form, State Agency physician R. E. Brooks, M.D. diagnosed plaintiff with an

---

[2] Although the Commissioner now offers other reasons to explain the ALJ's rejection of the opinion of Dr. Ahmed, the Court cannot entertain these post hoc rationalizations. *See, e.g.,* <u>Orn</u>, 495 F.3d at 630 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm on a ground upon which he did not rely").

affective disorder. (A.R. 374.) Dr. Brooks opined that plaintiff would have: moderate restrictions in activities of daily living; marked difficulties in maintaining social functioning; and moderate difficulties in maintaining concentration, persistence, or pace. (A.R. 382.) In the "Consultant's Notes" section of the PRT form, Dr. Brooks noted that plaintiff's "first documented psych treatment [wa]s 10/09 and [plaintiff's] medication started [on that date]. Although the TP [(treating physician)] guesses that [plaintiff's condition] will change little in the next 12-18 months there is no way of knowing based on one meeting without any records or other treatment to know how fast [plaintiff] will respond." (A.R. 384.) Accordingly, "without progress notes and only a MDQF[, Dr. Brooks] deemed [plaintiff's condition] to be improved within 12 months to perform simple work." (*Id.*)

In a Mental Residual Functional Capacity Assessment completed that same day, Dr. Brooks opined that plaintiff would be: moderately limited in his ability to understand, remember, and carry out detailed instructions; markedly limited in his ability to interact appropriately with the general public; and moderately limited in his ability to respond appropriately to changes in the work setting. (A.R. 385-86.) Dr. Brooks noted, however, that plaintiff's condition would be "markedly improved within 12 months." (A.R. 387.)

After summarizing, *inter alia*, the opinion of Dr. Brooks, the ALJ concluded that "[plaintiff]'s mental impairments provide mild limitations in his daily living activities, mild limitations in his social functioning and no limitations in his ability to maintain concentration, persistence and pace." (A.R. 25.) Accordingly, the ALJ

concluded that plaintiff's "mental impairments [we]re not severe." (*Id.*)

As plaintiff properly notes, the ALJ failed to provide any reason, let alone an appropriate reason, for rejecting the more restrictive opinion of Dr. Brooks. While it is true that Dr. Brooks opined that plaintiff's condition would improve considerably within 12 months, Dr. Brooks still opined that plaintiff should be limited to "simple work" -- a limitation which was not included in the ALJ's RFC assessment for plaintiff. Indeed, the ALJ did not even include his own findings of mild mental limitations in assessing plaintiff's RFC. This constitutes error.

Moreover, the ALJ's error is not harmless. Significantly, a limitation to simple work would appear to preclude plaintiff from performing his past relevant work, which involved a reasoning level of either 4 or 5. *See* <u>Lara v. Astrue</u>, 305 Fed. App'x 324, 325 (9th Cir. 2008)(finding that reasoning level one and two are commensurate with a limitation to simple, repetitive tasks); <u>Johnson v. Astrue</u>, 2011 U.S. Dist. LEXIS 65233, at *22 n.5 (C.D. Cal. June 7, 2011)(finding that a level four reasoning level was incompatible with a limitation to simple repetitive tasks). Accordingly, reversal and remand are appropriate.

**II.  Remand Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no

10

useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1179-81.

Remand is the appropriate remedy in this case to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. On remand, the ALJ must credit the opinions Dr. Huynh and Dr. Brooks or provide appropriate reasons supported by substantial evidence for rejecting them. After doing so, the ALJ may need to reassess plaintiff's RFC, in which case additional testimony from a vocational expert will be needed to determine what work, if any, plaintiff can perform.

///
///
///
///
///
///
///
///
///
///

11

1

**CONCLUSION**

2

3        Accordingly, for the reasons stated above, IT IS ORDERED that the

4   decision of the Commissioner is REVERSED, and this case is REMANDED for

5   further proceedings consistent with this Memorandum Opinion and Order.

6

7        IT IS FURTHER ORDERED that the Clerk of the Court shall serve

8   copies of this Memorandum Opinion and Order and the Judgment on counsel

9   for plaintiff and for defendant.

10

11        **LET JUDGMENT BE ENTERED ACCORDINGLY.**

12

13   DATED:  May 1, 2013

14                                          _Margaret A. Nagle_

15                                          MARGARET A. NAGLE
                                            UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28